(No. 82-CV-0721—

*In re* APPLICATION OF JAMES POWELL.

*Order filed March 28, 1983.*

*Opinion filed October 24, 1985.*

JAMES POWELL, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on August 16, 1981. James Powell seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 11, 1982, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant alleges that on August 16, 1981, he was stabbed in the eye by two unknown offenders during the course of a robbery. The alleged incident occurred on the street at 56th and Racine, Chicago, Illinois. Medical records from Cook County Hospital indicate the Claimant was brought into the hospital on August 16, 1981, for treatment of a laceration to the face.

However, records from the Chicago Police Department indicate that the police were summoned twice to the Claimant's home on the evening of the alleged incident in answer to complaints. The police department has no record that a crime occurred and the Claimant

has failed to furnish proof that a crime has been committed.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act.

3. That the Claimant has failed to show that the injuries sustained were as a result of one of the violent crimes specifically set forth under section 2(c) of the Act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is hereby denied.

## OPINION

PATCHETT, J.

This claim arises out of an incident that occurred on August 16, 1981. James Powell seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court entered an order on March 28, 1983, denying the claim. The Claimant thereafter requested a hearing.

The parties agree that on August 16, 1981, Claimant was stabbed in his right eye by an unknown offender. He was hospitalized from August 16, 1981, to August 21, 1981. All of his medical bills were paid by the Illinois Department of Public Aid.

The sole issue presented to this Court is the amount of time Claimant was disabled and incapable of working as a result of the crime.

The evidence clearly shows that the Claimant suffered a permanent injury to his right eye. This injury was a very serious one, leaving him with poor vision in his eye and a loss of depth perception.

Prior to the incident, Claimant worked occasionally, on a part-time basis, for the Pepsi-Cola Company. Pepsi's practice was to call persons, such as the Claimant, for work during busy times. They would employ them for less than 30 days and then lay them off. Claimant had been called to work at Pepsi on seven different occasions prior to the incident on August 16, 1981. The parties agree that Pepsi was not required to employ the Claimant at any time, since Claimant never obtained union seniority.

The parties further agreed that the Claimant was totally disabled and unable to work from August 16, 1981, to October 10, 1981. This was a period of two months and 16 working days. During the six months immediately preceding the crime, Claimant's average monthly earnings were $229.63. His loss of earnings during the agreed period was $626.30 based on the immediate six months prior.

The Claimant's doctor, Dr. Stephen Lewin, wrote a letter on November 10, 1981, stating that the Claimant "is fully able to return to his duties at his job."

Since his medical treatment has been concluded, the Claimant returned to work for Pepsi in November 1981 for 2½ to three weeks; in December 1981 for two weeks; in February 1982 for two weeks; and in April 1982 for two weeks. From April 1982, to March 1984, Claimant

416

received unemployment compensation benefits. He drove an automobile during this period.

The Claimant has admitted that the Pepsi supervisors had failed to call him back to work as a matter of preference and not because of a lack of physical ability.

Therefore, the Court feels that the Claimant has failed to prove that he is unable to work because of physical inability.

Therefore, this court awards the Claimant his lost earnings of $626.30, less the $200.00 deductible required by section 10.1(e) of the Act. This will make a net award of $426.30.